FILED

2016 Aug-08  AM 09:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| EBONY JOHNSON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.:** |
| **v.** | ) | |
| | ) | |
| FIRST SELECT, INC., | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, and for Plaintiff's Complaint against the Defendant and states as follows:

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]), out of state law violations and out of the invasion of Plaintiff's personal and financial privacy by the Defendant and its agents in its illegal efforts to collect a consumer debt from Plaintiff.

2. Defendant sued the Plaintiff on a domestication of foreign judgment years after the judgment was invalid and unenforceable.

3. The lawsuit against Plaintiff was filed in a hope of obtaining money from Plaintiff on an invalid judgment that Defendant had no right to collect from Plaintiff.

4.     This is consistent with the pattern of illegal collection activity by Defendant.

5.     The Plaintiff won the lawsuit when Defendant filed a motion to dismiss the lawsuit with prejudice.

## JURISDICTION

6.     Personal jurisdiction exists over Defendant as Defendant has the necessary minimum contacts with the State of Alabama and this suit arises out of Defendant's specific conduct with Plaintiff in Alabama.   All the actions described in this suit occurred in Alabama.

7.     Subject matter jurisdiction exists under federal question jurisdiction (28 U.S.C. Section 1331) and through diversity jurisdiction (28 U.S.C. Section 1332) as the amount claimed exceeds $75,000.00 between these diverse parties.

## VENUE

8.     Venue is proper as Defendant does business in this judicial district and Plaintiff lives in this judicial district.

## PARTIES

9.     Plaintiff Ebony Johnson (hereinafter "Plaintiff") is a natural person who is a resident of this judicial district in Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. Defendant First Select, Inc., ("Defendant" or "First Select[1]") is a foreign debt collection firm that engages in the business of debt collection in this judicial district in Alabama.

11. Defendant First Select is a "debt collector" under the FDCPA.

12. Defendant First Select is incorporated in California and has its principal place of business in California.

## RECOGNITION BY CONGRESS OF THE WIDESPREAD ABUSE BY COLLECTORS

13. Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors.

14. Congress recognized that there are four social ills caused by abusive debt collection:  (1) Unnecessary personal bankruptcies; (2) Marital instability; (3) Loss of jobs; and (4) Invasions of individual privacy.

15. Congress also found that it is fundamentally unfair for the abusive collection agencies to have an unfair competitive advantage over those honorable debt collectors that decide to obey the law and follow the rules.

16. 15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

---

[1] "First Select Investments, LLC" means First Select directly or through its debt collectors, employees and agents and the collection law firm that sued Plaintiff, or otherwise took any collection action against Plaintiff.

(a) There is **abundant evidence** of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) **Means other than** misrepresentation or other **abusive debt collection practices are available for the effective collection of debts**.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the **purpose** of this title to **eliminate abusive debt collection practices** by debt collectors, to **insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged,** and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

### Oklahoma Lawsuit Against Plaintiff

17. A lawsuit was filed by Defendant First Select against Plaintiff in Oklahoma on an alleged consumer debt.

18. Defendant First Select claims to own the consumer debt.

19. Defendant First Select obtained a judgment against Plaintiff on or about October 24, 2001, in the District Court of Oklahoma County.

20. Plaintiff was not aware of this lawsuit nor was she served but the Oklahoma court was told she was served.

21.   Since 1999, Plaintiff has lived in Tuskegee, Alabama and in Tuscaloosa County, Alabama, where she resides now.

### Suit is Filed in Alabama on the Oklahoma Judgment

22.   On May 24, 2013, Defendant First Select filed a "Domestication of Foreign Judgment" in the Circuit Court of Tuscaloosa County.

23.   A number of representations were made in the lawsuit by Defendant First Select.

24.   The primary representation was that the Oklahoma judgment was enforceable.

25.   If the Oklahoma judgment was not enforceable, then there would be nothing to "domesticate".

26.   And if the judgment was not enforceable, then the representation was false.

### Defendant First Select Deceived its Alabama Counsel into Filing a Fraudulent Domestication of Judgment as Defendant First Select Knew the Judgment Was Unenforceable as of October 2006

27.   Defendant First Select knew that the judgment was unenforceable but it was comfortable making this false statement to the Alabama court.

28.   Defendant First Select knew that if it told Alabama counsel (Richard Breibart) that the judgment was unenforceable, counsel would have refused to file the domestication of judgment.

29. Alabama counsel for Defendant First Select knew that an unenforceable judgment cannot be the basis for a domestication of a foreign judgment.

30. Alabama counsel for Defendant First Select knew that the legitimacy of any Alabama case (domestication of judgment) hinged on the legitimacy of the Oklahoma judgment.

31. Defendant First Select knew Alabama counsel would never agree to participate in such a fraud on the Alabama court so Defendant First Select hid this critical fact from Alabama counsel.

32. Defendant First Select not only hid this fact from Alabama counsel but actively lied to Alabama counsel by telling Alabama counsel that the judgment was enforceable.

**Defendant First Select Knew the 2001 Judgment**
**Became Unenforceable No Later than October 25, 2006**

33. Oklahoma law is very clear that in the absence of certain steps, a judgment becomes invalid and unenforceable after five years.

34. 12 O.S. § 706(E)(2) states:

   E.   Release of Lien of Judgment. The lien of a judgment upon the real estate of judgment debtor in any county, which has not become unenforceable by operation of law, is released only upon the filing in the office of the county clerk in that county of a Release of Judgment Lien, or a copy thereof certified by the court clerk of the court which granted the judgment.
      2.   The lien of any judgment which has been satisfied in full, vacated or become dormant or otherwise unenforceable and

which has not been released by the judgment creditor shall be released by the court upon written motion.

and 12 O.S. § 735 states:

A.    A judgment shall <u>become unenforceable and of no effect</u> if, within five (5) years after the date of filing of any judgment that now is or may hereafter be filed in any court of record in this state:
1. Execution is not issued by the court clerk and filed with the county clerk as provided in Section 759 of this title;
2. A notice of renewal of judgment substantially in the form prescribed by the Administrative Director of the Courts is not filed with the court clerk;
3. A garnishment summons is not issued by the court clerk; or
4. A certified copy of a notice of income assignment is not sent to a payor of the judgment debtor.

B.    A judgment <u>shall become unenforceable and of no effect</u> if more than five (5) years have passed from the date of:
1.    The last execution on the judgment was filed with the county clerk;
2.    The last notice of renewal of judgment was filed with the court clerk;
3.    The last garnishment summons was issued; or
4.    The sending of a certified copy of a notice of income assignment to a payor of the judgment debtor.

(Emphasis added).

35.    These sections hold that the Oklahoma judgment became invalid and unenforceable by October 25, 2006, which is more than 6 years prior to the domestication of judgment filed in Tuscaloosa County on May 24, 2013.

### Despite Knowing the Judgment Was Unenforceable, Defendant First Select Pushed Forward With Garnishment

36.    On October 8, 2015, Defendant First Select filed a Process of Garnishment with an affidavit from its Alabama Counsel, which sought the maximum

amount of garnishment from Plaintiff based upon the invalid and unenforceable judgment from Oklahoma.

37.   No where in the Process of Garnishment or the affidavit was the Tuscaloosa County court informed that the judgment could not be collected upon as of October 2006.

**Plaintiff is Served With the Garnishment and Tries to Stop the Garnishment**

38.   On October 20, 2015, Plaintiff became aware of the Alabama case when she was served by a Sheriff's deputy at her work with garnishment papers in the domesticated judgment in the amount of $9,995.52.

39.   That same day (October 20, 2015), Plaintiff wrote a letter to the Tuscaloosa County Court stating as follows:

> This letter is to notify you that Ebony Johnson, employed by The Tuscaloosa Children's Center, Inc., is unaware of any judgment against her regarding wages being garnished. Furthermore, Ebony Johnson, employed by The Tuscaloosa Children's Center, Inc. in unaware of a Plaintiff named First Select and/or Richard Marshall Briebart. It appears that the Plaintiff has mistakenly attempted to obtain a judgment against the wrong person. Thank you. Sincerely, Ebony Johnson, Ph.D.

40.   On November 2, 2015, Plaintiff wrote a letter (deemed as a motion) to the Honorable James H. Roberts, Jr. requesting the garnishment not proceed.

41.   In this letter, Plaintiff stated she learned of the Oklahoma judgment.

42.  She pointed out she had not lived in Oklahoma since 1999 but the alleged service happened in Oklahoma in 2001.

43.  And the domesticated judgment notices were sent to an address in Tuscaloosa that she has not lived at since 2007.

### Even Though Defendant First Select Knew the Judgment was Invalid and Unenforceable, it Without Hesitation Reaped its Ill-gotten Gains

44.  On November 16, 2015, the Court denied the Motion to Quash Garnishment.

45.  At no time did Defendant First Select come clean to the Tuscaloosa County court or Judge James H. Roberts, Jr. about the fact that Plaintiff, a key employee of The Tuscaloosa Children's Center, Inc. was being garnished based upon fraud on the court.

46.  Monies from Plaintiff were taken by Defendant First Select through the garnishment and based upon a foreign judgment that was "of no effect" by October 2006.

47.  Defendant First Select took $3,484.80 from Plaintiff.

### Plaintiff Discovers the Judgment was Unenforceable

48.  Plaintiff contacted counsel in Oklahoma and learned that the judgment was invalid since 2006.

### Plaintiff Files a Motion in Oklahoma on the Invalid Judgment

49.  Plaintiff filed her motion on March 11, 2016 asking the Oklahoma court to declare the judgment invalid as of October 2006.

50.   No opposition was filed to this motion by Defendant First Select.

**The Oklahoma Court that Entered the Judgment**
**Ruled the Judgment was Invalid and Unenforceable as of October 2006**

51.   The same court that entered the Oklahoma judgment in 2001 issued an order entitled "Order For Release Of Judgment Lien And Declaratory Judgment" dated April 14, 2016.

52.   Defendant First Select and its counsel were notified of the hearing.

53.   This April 14, 2016, Order is final and was not appealed.

54.   The time limit to appeal this order has passed.

55.   The April 14, 2016, Order found that the judgment was entered on October 24, 2001.

56.   Below are some quotes from the Order.

57.   *"More than 5 years have passed since the journal entry of judgment was filed."*

58.   *"A statement of judgment has never been filed with the Oklahoma County Clerk."*

59.   *"A renewal of judgment has never been filed with the Oklahoma County Clerk."*

60.   *"A garnishment summons has never been issued with the Oklahoma County Court Clerk."*

61.    "A notice of income assignment has never been issued by the Oklahoma County Clerk to a payor of the judgment debtor."

62.    "THE COURT THEREFORE FINDS AS A MATTER OF LAW AS FOLLOWS: The journal entry of judgment in this matter became invalid and unenforceable on October 25, 2006 and is hereby released pursuant to 12 O.S. Sections 706E.2 and 735."

### Before the Hearing in Oklahoma, Defendant First Select Tries to Turn Back the Hands of Time and Get Rid of its Illegal Domesticated Judgment

63.    When Defendant First Select realized the game was up[2] and it had been caught, it ordered its Alabama Counsel to make this lawsuit in Alabama go away.

64.    On April 13, 2016, which was before the hearing in Oklahoma on April 14, 2016, Defendant First Select filed "Garnishment Release; Motion to Vacate; [and] Motion to Dismiss."

65.    This document simply states: "Plaintiff [Defendant First Select] hereby releases the pending garnishment"; "Plaintiff [Defendant First Select] moves to vacate the judgment"; and "Plaintiff [Defendant First Select] moves to dismiss the action after the judgment is vacated."

---

[2] On April 4, 2016, Defendant First Select filed a Motion to Stay Garnishment in the Alabama Court and referenced the proceedings in Oklahoma. The motion ended with "The parties await further order from the judgment court in Oklahoma."

66. On April 28, 2016, the Tuscaloosa County court granted the April 13, 2016, motion.

67. The order stated "Furthermore, it is hereby ORDERED that Plaintiff's [Defendant First Select] pending garnishment is released, the judgment is vacated and set aside, and this case is dismissed with prejudice, costs taxed as paid."

68. This is an adjudication in favor of the Plaintiff and against Defendant First Select.

69. The time for post judgment motions has expired.

70. The time to appeal has expired.

71. This final judgment from the Tuscaloosa County court stands.

72. Only a small portion ($696.92) of the garnished money has been returned to Plaintiff by Defendant First Select.

73. Defendant First Select still holds onto Plaintiff's money illegally.

74. Defendant First Select still exercises control and dominion over this specified money.

75. Defendant First Select has deprived Plaintiff of her use of and control and dominion over her specified money, which Defendant First Select has converted and still continues to keep.

**Remaining Factual Allegations Against Defendant First Select**

76.   Defendant First Select has collected against Plaintiff when Plaintiff did not owe any money to Defendant First Select on this account, which violates the alleged agreement creating this debt as the agreement does not allow for collecting a non existent debt from anyone, including Plaintiff.

77.   Defendant First Select has misrepresented the debt to Plaintiff, including the amount of the debt, as none is owed.

78.   Defendant First Select has misrepresented the debt to Plaintiff, including the legal status of the debt, as none is owed.

79.   Defendant First Select has taken action it knows is illegal including suing on a debt it knew Plaintiff did not owe as the judgment was invalid and unenforceable, garnishing wages illegally, allowing the case to remain pending on a debt it does not own and that Plaintiff does not owe to Defendant First Select, and continuing to hold onto Plaintiff's money illegally.

80.   Defendant First Select knew that by its conduct described in this Complaint that the natural consequence – the desired consequence – would be that Plaintiff (and all others similarly situated) would be harassed, oppressed, and abused.

81.   The debt being collected is a consumer debt as defined by the FDCPA.

82.    Plaintiff is a "consumer" as defined by the FDCPA.

83.    Defendant First Select is a "debt collector" as defined by the FDCPA as
       when it allegedly received the supposed debt owed by Plaintiff, the alleged
       debt was in default and the collecting of defaulted debt is a major part of the
       business of Defendant First Select.

84.    Defendant First Select has full knowledge of what it is doing by filing bogus
       lawsuits – it is a sophisticated debt collector (debt buyer) and the decisions
       outlined in this Complaint and that will be shown through discovery were
       not "rogue" or "outlier" decisions but instead represent a well thought out
       plan and scheme to take money from Alabama consumers (including
       Plaintiff) that Defendant First Select has no right to take under state law and
       under the FDCPA.

85.    Defendant First Select is counting on the fact that many Alabama consumers
       (including Plaintiff) will not fight back and therefore Defendant First Select
       will be able to have a windfall of illegal profit that it is not entitled to collect.

86.    This type of "scattershot" litigation strategy is improper, deceptive, and
       abusive as it is fundamentally unfair and deceptive to sue consumers
       (including Plaintiff) on unenforceable debts.

87. The conduct of the Defendant First Select has proximately caused Plaintiff past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

88. It is a practice of the Defendant First Select to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA and state law.

89. All actions taken by employees, agents, servants, or representatives of any type for the Defendant First Select were taken in the line and scope of such individuals' employment, agency or representation.

90. At no time has Defendant First Select told or implied to Plaintiff that any conduct by any agent or employee of Defendant First Select was outside the line and scope of such employment or agency.

91. This includes collection counsel for Defendant First Select who in all ways conducted themselves in the line and scope of their agency and representation of Defendant First Select.

92. All actions taken by the Defendant First Select were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that its actions were taken in violation of the FDCPA and/or state law and/or

that they knew or should have known that its actions were in reckless disregard of the FDCPA and/or state law.

93.   Defendant First Select has engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and/or credit reports and as such Defendant First Select is subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by this Defendant and similar companies.

94.   Defendant First Select is liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors, and omissions done in violation of state and federal law by their collection employees and agents, including but not limited to violations of the FDCPA and Alabama tort law, in its attempts to collect this debt from Plaintiff.

95.   At no time before the collection suit, during the collection suit, after the collection suit, or even up to the date this Complaint is filed, has Defendant First Select directly or indirectly, expressly or implicitly, apologized to the Plaintiff for the conduct described in this Complaint, which demonstrates that the conduct described was not accidental or unintentional but instead was intentional.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692d

96. Section 1692d states, "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

97. Defendant First Select violated Section 1692d by collecting this debt as alleged in this Complaint in paragraphs 1-5, 9-12, 17-95.

98. The conduct of the Defendant First Select has proximately caused Plaintiff past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

### COUNT II.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e

99. Section 1692e states, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section."

100. Defendant First Select violated Section 1692e by collecting this debt as alleged in this Complaint in paragraphs 1-5, 9-12, 17-95.

101.   The conduct of the Defendant First Select has proximately caused Plaintiff past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT III.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(2)

102.   Section 1692e(2) states, "The false representation of the character, amount, or legal status of any debt;"

103.   Defendant First Select violated Section 1692e(2) by collecting this debt as alleged in this Complaint in paragraphs 1-5, 9-12, 17-95.

104.   The conduct of the Defendant First Select has proximately caused Plaintiff past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT IV.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(5)

105.   Section 1692e(5) states, "The threat to take any action that cannot legally be taken or that is not intended to be taken."

106.   Defendant First Select violated Section 1692e(5) by collecting this debt as alleged in this Complaint in paragraphs 1-5, 9-12, 17-95.

107.   The conduct of the Defendant First Select has proximately caused Plaintiff past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT V.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(10)

108.   Section 1692e(10) states, "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

109.   Defendant First Select violated Section 1692e(10) by collecting this debt as alleged in this Complaint in paragraphs 1-5, 9-12, 17-95.

110.   The conduct of the Defendant First Select has proximately caused Plaintiff past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT VI.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f

111.   Section 1692f states, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

112.   Defendant First Select violated Section 1692f by collecting this debt as alleged in this Complaint in paragraphs 1-5, 9-12, 17-95.

113. The conduct of the Defendant First Select has proximately caused Plaintiff past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT VII.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f(1)

114. Section 1692f(1) states, "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

115. Defendant First Select violated Section 1692f(1) by collecting this debt as alleged in this Complaint in paragraphs 1-5, 9-12, 17-95.

116. The conduct of the Defendant First Select has proximately caused Plaintiff past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT VIII.

## INVASION OF PRIVACY

117. Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant First Select violated Alabama state law as described in this Complaint in paragraphs 1-5, 9-12, 17-95.

118. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

119. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

120. Defendant First Select intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

121. Defendant First Select intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

122. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

123. The conduct of Defendant First Select, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant First Select which occurred in a way that would be highly offensive to a reasonable person in that position.

124. This conduct includes the filing of a public lawsuit against Plaintiff.

125. A public lawsuit that has no merit and Defendant First Select knew at the time it filed the lawsuit that it had no merit.

126. This also includes a public garnishment of wages when Defendant First Select knew such was illegal and improper.

127. All of the wrongful acts described in this Complaint demonstrate the wrongful scheme, plan, and design of Defendant First Select in its campaign of improper debt collection, which has led to the Plaintiff's privacy being invaded.

128. The conduct of the Defendant First Select has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

129. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant First Select.

130. All acts of Defendant First Select were committed with malice, intent, wantonness, and/or recklessness and as such Defendant First Select is subject to punitive damages.

## COUNT IX.

## NEGLIGENT HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

131. Defendant First Select's collectors are allowed and encouraged to break state law in order to collect debts.

132. This includes all of the violations of the law described in this Complaint in paragraphs 1-5, 9-12, 17-95 and the paragraphs in this Count.

133. Defendant First Select is aware of the wrongful conduct of its collectors.

134. Defendant First Select negligently hired, trained, retained or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendant First Select is thereby responsible

to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

135. Plaintiff does not, without discovery, know the details of the incompetent hiring, training, and supervision of debt collectors but it is reasonable to infer this as there is no other explanation for how a large debt buying company which is a "leader" in the industry, with countless compliance employees and lawyers, could possibly allow the wrongful conduct alleged unless this was part of a plan to be negligent in allowing incompetent collectors to run wild and damage Plaintiff while Defendant First Select sat back to reap the rewards of the wrongful conduct it had sowed. The details of this will come out in discovery.

136. The conduct of the Defendant First Select has proximately caused Plaintiff past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT X.

### WANTON HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

137. Defendant First Select 's collectors are allowed and encouraged to break state law in order to collect debts.

138. This includes all of the violations of the law described in this Complaint in paragraphs 1-5, 9-12, 17-95 and the paragraphs in this Count.

139. Defendant First Select is aware of the wrongful conduct of its collectors.

140. Defendant First Select wantonly hired, trained, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff. and Defendant First Select is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

141. Plaintiff does not, without discovery, know the details of the incompetent hiring, training, and supervision of debt collectors but it is reasonable to infer this as there is no other explanation for how a large debt buying company which is a "leader" in the industry, with countless compliance employees and lawyers, could possibly allow the wrongful conduct alleged, unless this was part of a well orchestrated design and plan of wantonly allowing incompetent collectors to run wild and damage Plaintiff while Defendant First Select sat back to reap the rewards of the wrongful conduct it had sowed. The details of this will come out in discovery.

142. The conduct of the Defendant First Select has proximately caused Plaintiff past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT XI.

## INTENTIONAL HIRING, TRAINING, AND
## SUPERVISION OF INCOMPETENT DEBT COLLECTORS

143. Defendant's collectors are allowed and encouraged to break state law in order to collect debts.

144. This includes all of the violations of the law described in this Complaint in paragraphs 1-5, 9-12, 17-95 and the paragraphs in this Count.

145. Defendant First Select is aware of the wrongful conduct of its collectors.

146. Defendant First Select intentionally hired, trained, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendant First Select is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

147. Plaintiff does not, without discovery, know the details of the incompetent hiring, training, and supervision of debt collectors but it is reasonable to infer this as there is no other explanation for how a large debt buying company which is a "leader" in the industry, with countless compliance employees and lawyers, could possibly allow the wrongful conduct alleged, unless this was part of an intentional well orchestrated design and plan of allowing incompetent collectors to run wild and damage Plaintiff while Defendant First

Select sat back to reap the rewards of the wrongful conduct it had sowed. The details of this will come out in discovery.

148. The conduct of the Defendant First Select has proximately caused Plaintiff past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT XII.

## WANTON CONDUCT

149. Defendant First Select had a duty, and assumed a duty, to treat Plaintiff fairly and with reasonable care.

150. Defendant First Select had a duty, and assumed a duty, to not unreasonably cause harm to Plaintiff.

151. Defendant First Select acted with malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint in paragraphs 1-5, 9-12, 17-95 and the paragraphs in this Count.

152. Defendant First Select violated all of the duties Defendant First Select had and such violations were made intentionally, willfully, recklessly, maliciously, and wantonly.

153. It was foreseeable, and Defendant First Select did in fact foresee it, the each and every action of Defendant First Select would lead and did lead to the exact type of harm suffered by Plaintiff.

154. The conduct of the Defendant First Select has proximately caused Plaintiff past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT XIII.

## MALICIOUS PROSECUTION AGAINST DEFENDANT FIRST SELECT

155. Defendant First Select instituted and continued prosecuting the lawsuit against Plaintiff with no reasonable basis to do so as the sole foundation of the case was an invalid and unenforceable judgment from Oklahoma.

156. Defendant First Select continued to prosecute the case with no reasonable basis to do so.

157. Defendant First Select filed and used this case as a means of attempting to extort money out of Plaintiff or obtaining a garnishment based upon a false representation to the court, which is further evidence of the malice Defendant First Select had against Plaintiff.

158. Defendant First Select instituted and continued prosecuting the lawsuit against Plaintiff with malice and with the design and plan that the lawsuit would result in an illegal judgment against the Plaintiff or would cause Plaintiffs to pay Defendant First Select money on an unenforceable judgment.

159. The malicious plan of Defendant First Select included the knowledge that the fraudulent judgment would be devastating to Plaintiff's credit report and credit scores and would lead to garnishments and/or seizures of property and the Defendant First Select tried to accomplish this by the Defendant First Select's malicious and abusive actions.

160. Throughout the entire illegal lawsuit against Plaintiff, Defendant First Select knew at all times that there was no basis for the lawsuit and the intent and design of filing the lawsuit and continuing to prosecute the lawsuit was to extort money from the Plaintiff which Defendant First Select knew it was not entitled to receive.

161. The litigation against Plaintiff filed by Defendant First Select resulted in adjudication in favor of Plaintiff on April 28, 2016.

162. The illegal and improper actions of the Defendant First Select constitutes malicious prosecution and this cause of action is supported by paragraphs 1-5, 9-12, 17-95 of the Complaint and the paragraphs in this Count.

163. This is the pattern and practice of Defendant First Select – to file bogus suits to garnish consumers or to obtain settlements from consumers who do not realize the bogus nature of the suit filed by Defendant First Select.

164. The conduct of the Defendant First Select has proximately caused Plaintiff past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT XIV

### ABUSE OF PROCESS AGAINST DEFENDANT FIRST SELECT

165. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

166. Defendant First Select instituted and continued prosecuting the lawsuit against Plaintiff with no reasonable basis to do so.

167. Defendant First Select filed and used this case as a means of attempting to extort money out of Plaintiff or by illegally garnishing Plaintiff.

168. Even though Defendant First Select knew that it had no right to bring the lawsuit in Alabama against Plaintiff and knew it had no right to bring the garnishment action, Defendant First Select committed the wrongful acts in an attempt to illegally take money from Plaintiff.  Because of Defendant First Select's improper and ulterior purpose and motive of taking money from Plaintiff it was not entitled to take, it abused and misused the Alabama court system and process as described in this Complaint.

169. Throughout the entire illegal lawsuit against Plaintiff, Defendant First Select knew at all times that there was no basis for the lawsuit and the intent and

design of filing the lawsuit and continuing to prosecute the lawsuit was to extort money from the Plaintiff which Defendant First Select knew it was not entitled to receive.

170. The litigation against Plaintiff filed by Defendant First Select eventually resulted in adjudication in favor of Plaintiff.

171. The illegal and improper actions of the Defendant First Select constitutes abuse of process and this cause of action is supported by paragraphs 1-5, 9-12, 17-95 of the Complaint and the paragraphs in this Count.

172. The conduct of the Defendant First Select has proximately caused Plaintiff past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT XV

## TRESPASS TO CHATTEL AND/OR CONVERSION

173. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

174. Defendant First Select exercised dominion and control over Plaintiff's personal property.

175. Plaintiff's specific and identifiable money was taken by the actions of Defendant First Select.

176. Defendant First Select did not have permission from Plaintiff to take Plaintiff's money or to exercise dominion or control over Plaintiff's money.

177. Plaintiff was deprived of, and continues to be deprived of, the use, dominion, and control over her personal property because of the actions of Defendant First Select.

178. The actions and wrongful conduct of Defendant First Select constitutes Trespass to Chattel and/or Conversion and this cause of action is supported by paragraphs 1-5, 9-12, 17-95 of the Complaint and the paragraphs in this Count.

179. The conduct of the Defendant First Select has proximately caused Plaintiff past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT XVI.

## WRONGFUL GARNISHMENT

180. Defendant First Select instituted the garnishment against Plaintiff with no reasonable basis to do so as the sole foundation of the garnishment was an invalid and unenforceable judgment from Oklahoma.

181. Defendant First Select continued to garnish Plaintiff's wages with no reasonable basis to do so.

182. Defendant First Select obtained a garnishment based upon a false representation to the court, which is further evidence of the malice Defendant First Select had against Plaintiff.

183. Defendant First Select instituted and continued garnishing Plaintiff's wages with malice and with the design and plan that the garnishment would cause Plaintiff to pay Defendant First Select money on an unenforceable judgment.

184. Throughout the entire garnishment against Plaintiff, Defendant First Select knew that there was no basis for the garnishment and the intent and design of filing the garnishment was to extort money from the Plaintiff which Defendant First Select knew it was not entitled to receive.

185. The garnishment against Plaintiff filed by Defendant First Select was released, the judgment set aside, and the case dismissed with prejudice on April 28, 2016.

186. The illegal and improper actions of the Defendant First Select constitutes unlawful garnishment and this cause of action is supported by paragraphs 1-5, 9-12, 17-95 of the Complaint and the paragraphs in this Count.

187. This is the pattern and practice of Defendant First Select – to file garnishments against consumers who do not realize the unlawful nature of the garnishments filed by Defendant First Select.

188. The conduct of the Defendant First Select has proximately caused Plaintiff past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

### PRAYER FOR RELIEF

**WHEREFORE**, **PREMISES CONSIDERED**, Plaintiff prays that judgment be entered against Defendant for all damages allowable (including statutory, actual, compensatory, nominal and punitive the total of which Plaintiff claims more than $75,000.00), costs, expenses, attorney fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

**John G. Watts (ASB-5819-t82j)**
**M. Stan Herring (ASB-1074-n72m)**
Watts & Herring, LLC
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com

David Humphreys
Lucius "Luke" James Wallace
Humphreys Wallace Humphreys, P.C.
9202 South Toledo Avenue
Tulsa, Oklahoma 74137
(918) 747-5300 ext. 12
Luke@hwh-law.com
(Pro Hac Vice Motions to be filed)
**Attorneys for Plaintiff**

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

_____

**Attorney for Plaintiff**

**Serve defendant via certified mail at the following address:**

First Select, Inc.
c/o CSC Lawyers Incorporating Service
2710 Gateway Oaks Drive, Suite 150 N
Sacramento, CA 95833